John G. Rumney, ex'r v. John Webster.

Error to the Superior Court of Detroit. (Chipman, J.)
January 22.—January 28.

Assumpsit. Defendant brings error. Affirmed.

*Alfred E. Hawes* for appellant.

*Charles M. Swift* for appellee.

Sherwood, J. This suit was brought in the Superior
Court of Detroit by the plaintiff, as executor of the last will
and testament of Martha J. Rumney, deceased, against John
W. Webster, to recover damages for his alleged failure to
perform his contract made with the plaintiff for the purchase
of land. The declaration contained two special counts upon
the contract, and the common counts were added. The plea
was the general issue, and under it the defendant gave notice
that he would show upon the trial that the plaintiff had no
authority to make the contract sued upon; that after the
execution of the contract declared upon the defendant was
relieved of liability thereon by reason of a sale to him of the
property by the plaintiff upon other terms than those men-
tioned in the contract; and that the contract sued upon was
obtained from the defendant by the plaintiff through fraudu-
lent and false representations that the property was in fair
and tenantable condition, when, in truth and in fact, in its
sewer and water departments and connections it was in an
unfair and unfit condition for "human habitation." The
cause was tried before a jury, and plaintiff obtained a verdict
of $1100. The defendant brings error.

On the trial a large number of exceptions were taken by
defendant's counsel to the testimony admitted by the court
against his objections, and error is assigned upon all of them.
Several exceptions were taken to the court's refusal to charge
as requested, and to the charge as given. We deem it unnec-

essary to consider separately, or to discuss in this opinion, the numerous assignments of error presented in the argument of counsel.　We have examined each and all of them carefully. Several of them raised questions which have heretofore been considered and disposed of in the former decisions of this Court, in cases between these parties, involving the same contract declared upon, and the rights of the parties thereunder, and we do not feel called upon to review those questions.　No testimony seems to have been given in support of the alleged false and fraudulent representations set up in the defendant's notice, nor of the alleged change made in the terms of the contract of sale after its execution by the defendant.　The testimony tending to show performance on the part of the plaintiff, and the breach of the contract on the part of the defendant, as charged in the declaration, and the consequent damages thereon, was quite full, and all properly received, and under a clear, well-considered and unexceptionable charge by the court, submitted to the jury, and with their verdict the defendant must be content.

The judgment is affirmed.

The other Justices concurred.